UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SANTOS LEC CUMES, and
JUAN JOSE COJTIN BOCEL,                    Case No.: 17 cv 7377
                                                  (GHW)
                    Plaintiffs,

    - against -

JAIYA U.S.A. INC., and JAI-YA NEW YORK, INC.,
doing business as JAI YA THAI AND
ORIENTAL RESTAURANT, and
VIRACHART POKPOONPIPAT, individually,

                    Defendants.

---

**PROPOSED JURY INSTRUCTIONS**


Proposed Jury Instruction No. 1


JUROR ATTENTIVENESS


Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention. I ask you to give me that same careful attention as I instruct you on the law.[1]

---

[1] Adapted from Hon. Leonard B. Sand, John S. Siffert, Walter P. Loughlin, Stern A. Reiss, and Nancy Batterman, 4 Modern Federal Jury Instructions (Sand, MFJI), Instruction 71-1 (2014).

1

Proposed Jury Instruction No. 2

ROLE OF THE COURT

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you. [1]

---

[1]    Adapted from *id.,* Instruction 71-2 (2014 ).

<u>Proposed Jury Instruction No. 3</u>

ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact or issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not a plaintiff has proven his case, or a defendant has proven its defense.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to

3

the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.[1]

---

[1]     *Id.*, Instruction 71-3

<u>Proposed Instruction No. 4</u>

JUROR OATH

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.[1]

---

1 *Id.*, Instruction 71-4.

Proposed Instruction No. 5

CONDUCT OF COUNSEL

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.[1]

---

1 *Id,* Instruction 71-6

Proposed Instruction No. 6

RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender or age.

It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.[1]

---

[1] *Id.*, Instruction 71-9

Proposed Instruction No. 7

SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.[1]

---

[1] *Id.* Instruction 71-10.

Proposed Jury Instruction No. 8

CORPORATIONS

In this case, Defendants Jaiya U.S.A. Inc. *doing business as* Jai Ya Thai Oriental Restaurant and Jai-Ya New York, Inc. also *doing business as* Jai Ya Thai and Oriental Restaurant, are corporations.  The fact that they are corporations, and the Plaintiffs are individuals, does not mean that the Defendant corporations are entitled to any lesser or larger consideration under the law. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.[1]

---

[1]      *Id.*,  Instruction 72-1.

9

Proposed Jury Instruction No. 9

BURDEN OF PROOF

This is a civil case and as such the plaintiffs have the burden of proving the material allegations of their complaint by a preponderance of the evidence.

If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant. [1]

Defendants revise as follows:

If after considering all of the testimony you are satisfied that the plaintiffs have carried their burden on each of their allegations, then you must find for the plaintiffs on their claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiffs have failed to sustain their burden and you must find for the defendants.

---

[1]    *Id.* Instruction 73-1.

10

Proposed Jury Instruction No. 10

PREPONDERANCE OF THE EVIDENCE

Plaintiffs bear the burden of proving each element of their Fair Labor Standards Act and New York State Labor Law wage and hour claims by a preponderance of the evidence. If you conclude that they have failed to establish any element by a preponderance of the evidence, you must decide against them on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them. The law requires that in order for a plaintiff to prove his claim on an issue, the evidence that supports his claim on that issue must appeal to you as more nearly representing what happened than that opposed to his claim. If it does not, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must resolve the issue in favor of the defendant. (NYPJI 1:62).

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.[1]

---

[1]     Adapted from *id.*, Instruction 73-2.

11

Proposed Jury Instruction No. 11

NATURE OF EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your

12

recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.[1]

---

[1]     *Id.*, Instruction 74-1.

Proposed Jury Instruction No. 12

DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

14

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on (e.g., a preponderance of) all the evidence presented.[1]

---

[1]    *Id.*,  Instruction 74-2.

Proposed Jury Instruction No. 13

STIPULATION OF FACT

A stipulation of facts is an agreement among the parties that a certain fact is true.

You must regard such agreed facts as true.[1]

---

1 *Id.*, Instruction 74-4.

Proposed Jury Instruction No. 14

OFFICIAL TRANSLATION

Spanish and Thai testimony has been used during this trial.   You only are to consider that evidence provided through the official court translator. Although some of you may speak a second language, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation. [1]

---

[1]   Adapted from O'Malley, FJPI, 103.35.

Proposed Jury Instruction No. 15

INFERENCES

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.[1]

---

[1]    *Id.,* Instruction No. 75-1

18

Proposed Jury Instruction No. 16

WITNESS CREDIBILITY

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be completely true and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor— that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his

19

memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.[1]

---

[1]     *Id.* Instruction 76-1.

Proposed Jury Instruction No. 17

BIAS

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.[1]

---

1 *Id.*, Instruction No. 76-2.

Proposed Jury Instruction No. 18

DISCREPANCIES

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.[1]

---

[1]     *Id.*,  Instruction 76-4.

22

Proposed Jury Instruction No. 19

WAGE AND HOUR CLAIMS - INTRODUCTION

In general, federal and New York law require employers to pay employees a minimum wage for all hours worked. Employers must pay the regular minimum wage for hours worked up to 40 in a week and overtime wages of one and a half times the employee's regular rate for all hours worked in excess of 40 per week.[1] Moreover, under certain limited circumstances, an employer may pay a tipped employee less than the minimum wage and take a "tip credit." To be entitled to a tip credit under federal law, an employer must prove: (1) it informed its employees of the federal tip credit provisions; *and* (2) the employees retained all of their tips or participated in a lawful tip pooling or sharing arrangement.[2] Under New York law, the employer must also meet certain notice requirements, by notifying employees of the tip credit in their weekly paychecks and/or providing them with annual wage notices.[3]

Under New York law, it is also unlawful for an employer to retain its employees' tips, regardless of whether the employer uses a tip credit.[4] New York law also requires

---

[1]   29 U.S.C. §§ 206, 207; N.Y. Lab. L. § 652; N.Y. Comp. Codes R. & Regs., tit. 12, §§ 137-1.3, 146-1.4.

[2]   *Ayres v. 127 Restaurant Corp.*, 12 F. Supp. 2d 305, 308 (S.D.N.Y. 1998) (Chin, J.)("The FLSA, … permits employers to take a tip credit against the wages of a 'tipped employees' by paying them a slightly lower hourly wage,  provided that 'such employee has been informed by the employer of the provisions of [the law] and . . . all tips received by such employee have been retained by the employee.'") (quoting 29 U.S.C. § 203(m)).

[3]   N.Y. Comp. Codes R. & Regs., tit. 12, §§ 137-2.2 (repealed); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3.

[4]   N.Y. Lab. L. § 196-d.

23

employers to pay certain employees an extra hour's pay at the New York minimum wage when the length of their workdays spans more than 10 hours.[5]

Plaintiffs contend that Defendant (1) failed to pay them for all hours worked, including both regular and overtime hours; (2) paid the Food Service Plaintiffs less than the full federal minimum wage even though they were required to do a substantial amount of non-tipped work, and without having made certain required disclosures to Plaintiffs; (3) failed to pay Food Service Plaintiffs the spread of hours premium when the length of their workday spanned more than 10 hours; and (4) failed to provide wage notices and weekly wage statements, to Plaintiffs.

Defendant contends that Plaintiffs were compensated lawfully for all hours worked, whether regular or overtime hours; and had appropriate notice of the tip credit taken against their wages.

I will explain exactly what the parties will have to show to prove their claims and defenses shortly.

---

[5]     N.Y. Comp. Codes R. & Regs., tit. 12, §§ 137-1.7, 146-1.6.

Defendants revise as follows:

To be entitled to a tip credit under federal law, an employer must (1) have informed its employees that they are taking a tip credit against their wages; *and* (2) the employees retained all of their tips or participated in a lawful tip pooling or sharing arrangement.[6] Under New York law, the employer must also meet certain notice requirements, by notifying employees of the tip credit in their weekly paychecks and/or providing them with annual wage notices.[7] However, if you find that Plaintiffs had actual notice of the tip credit (in other words they understood that they were paid below minimum wage because they received tips which brought their overall wage above minimum wage), the fact that Defendants may have not complied with the requirements of written notice of the tip credit would not prevent them from claiming the tip credit.[8]

> **Ariadne Alexandrou 1/18/2019 1:18 PM**
> **Comment [1]:** Irrelevant because this allegation was never made.

Defendants contend that Plaintiffs were compensated lawfully for all hours worked, whether regular or overtime hours, in accordance with the FLSA's and NYLL's minimum and overtime provisions for tip-credited employees. Defendants claim that their use of the tip credit was lawful, since Defendants gave notice to Plaintiffs about their use of the tip credit, and Plaintiffs received, and retained, a substantial amount of tips that brought their overall wages above minimum wage.

---

[6]     *Ayres v. 127 Restaurant Corp.*, 12 F. Supp. 2d 305, 308 (S.D.N.Y. 1998) (Chin, J.)("The FLSA, … permits employers to take a tip credit against the wages of a 'tipped employees' by paying them a slightly lower hourly wage,  provided that 'such employee has been informed by the employer of the provisions of [the law] and . . . all tips received by such employee have been retained by the employee.'") (quoting 29 U.S.C. § 203(m)).

[7]     N.Y. Comp. Codes R. & Regs., tit. 12, §§ 137-2.2 (repealed); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3.

[8] *Carvente-Avila v. Chaya Mushkah Rest. Corp.*, 12-CV-5359 (KBF), 2016 WL 3221141, at *1 [SDNY Mar. 1,2016]

25

Proposed Jury Instruction No. 20

Plaintiffs have alleged claims under the Fair Labor Standards Act and the New York Labor Law.

The Fair Labor Standards Act and the New York Labor Law require that employees are paid a minimum wage and are paid at the overtime rate for all hours worked above 40 hours per seven-day period.

In addition, the Fair Labor Standards Act and the New York Labor Law provide for the payment of time and a half overtime pay for hours worked in excess of 40 hours per week. The Fair Labor Standards Act and the New York Labor Law prohibit employers like defendants from employing employees like plaintiffs for a workweek longer than forty hours unless the employees receive compensation for employment in excess of 40 hours per week at a rate not less than one and one-half times the employee's regular rate of pay.

Plaintiffs claim that defendants did not pay them the overtime pay required by the Fair Labor Standards Act and the New York Labor Law.

26

Defendants deny plaintiffs' claims, and contend that they introduced sufficient evidence rebut the Plaintiffs' claims. [1]


Defendants prefer:

Defendants deny plaintiffs' claims, and contend that they paid Plaintiffs overtime pay in accordance with the law's requirements as they apply to tip-credited employees. [1]


On the verdict form, you will answer specific questions about each Plaintiff.  I will now give you a general overview of the determinations you will be asked to make. These will be followed with more specific instructions concerning each determination.

You will first be asked to determine if Defendants are liable to any of the Plaintiffs.  You will separately determine whether any of the Plaintiffs has proven by a preponderance of the credible evidence that Defendants (1) violated the minimum wage provisions of the Fair Labor Standards Act and the New York Labor Law; (2) violated the overtime provisions of the Fair Labor Standards Act and the New York Labor Law. You will make these determinations separately for the corporate defendants and individual Defendants.

If you determine that any of the Plaintiffs has proven by a preponderance of the credible evidence that Defendants violated any of these provisions, you will next determine: the dates that each of the Plaintiffs were employed by each of the Defendants; the weekly hours worked by the Plaintiff during these period of employment; the method

---

[1]     Adapted from *id.,* Instruction 85-1.

[1]     Adapted from *id.,* Instruction 85-1.

27

of determining the Plaintiff's pay (i.e, paid per hour or a fixed weekly salary); the amount of pay the Plaintiff received on a weekly basis; and any exceptions to these findings. You will make these determinations separately for each of the plaintiffs.

You will next determine whether either of the Plaintiffs has proven by a preponderance of the credible evidence that Defendants violated New York's Spread of Hours Law. If you determine that a Plaintiff has proven by a preponderance of the credible evidence Defendants violated New York's Spread of Hours Law, you will next determine the number of days per week that the spread of hours for the Plaintiff exceeded ten hours, and for what date or dates the spread of hours for the Plaintiff exceeded ten hours. If you determine that a Plaintiff has not proven by a preponderance of the credible evidence that Defendants violated New York's Spread of Hours Law, you will skip to the next question. You will make these determinations separately for each of the Plaintiffs.

You will next determine whether any of the Plaintiffs has proven by a preponderance of the credible evidence that Defendants violated the requirements under New York law for an employer to provide an employee with a written notice of his wages, and a wage statement together with each payment of wages. If you determine that a Plaintiff had proven by a preponderance of the evidence that Defendants violated these requirements to provide a wage notice and wage statement, you will determine the number of weeks that violations occurred. You will make these determinations separately for each of the Plaintiffs.

Defendants revise as follows:

28

If you determine that the minimum and overtime wage provisions of the Fair Labor Standards Act have not been violated, your inquiry will stop there. However, if you determine that the FLSA has been violated, you will next determine whether either of the Plaintiffs has proven by a preponderance of the credible evidence that any Defendant violated New York's Spread of Hours Law. If you determine that a Plaintiff has proven by a preponderance of the credible evidence that any Defendant violated New York's Spread of Hours Law, you will next determine the number of days per week that the spread of hours for the Plaintiff exceeded ten hours, and for what date or dates the spread of hours for the Plaintiff exceeded ten hours.  If you determine that a Plaintiff has not proven by a preponderance of the credible evidence that any Defendant violated New York's Spread of Hours Law, you will skip to the next question.  You will make these determinations separately for each of the Plaintiffs.

You will next determine whether any of the Plaintiffs has proven by a preponderance of the credible evidence that any Defendant violated the requirements under New York law for an employer to provide an employee with a written notice of his wages, and a wage statement together with each payment of wages.  If you determine that a Plaintiff had proven by a preponderance of the evidence that any Defendant violated these requirements to provide a wage notice and wage statement, you will then determine whether, nevertheless, that Defendant made complete and timely payment of all wages due to each Plaintiff, or whether, in the alternative, that Defendant reasonably believed in good faith that it was not required to provide the employee with statements or wage notices. If you determine that any Defendant *both* did not make complete and timely payment of all wages due to each Plaintiff *and* failed to provide wage notices and wage

29

statements with no good faith justification, you will then need to determine the number of weeks that these violations occurred. You will make these determinations separately for each of the Plaintiffs.

<u>Proposed Jury Instruction No. 21</u>

MINIMUM WAGE CLAIM

Under the Fair Labor Standards Act, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, that plaintiff was an employee of the defendant;

Second, that plaintiff was employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that the defendant failed to pay the plaintiff the minimum wage as required by law.

The first element of the claim is that plaintiffs were employees of the defendants. In this case, the parties have stipulated that Plaintiff Santos Lec Cumes was formerly employed by Defendant Jaiya U.S.A. Inc.  and that Plaintiff Juan Jose Cojtin Bocel was formerly employed by Defendant Jai-ya New York, Inc. They have not stipulated as to the dates of employment, and you must determine the dates of each Plaintiff's employment.

The second element of the claim is that plaintiffs were employed by an enterprise engaged in commerce or in the production of goods for commerce.  The parties have stipulated that this element is satisfied.

 The third element of the claim is that the defendant which employed each Plaintiff failed to pay each plaintiff the minimum wage required by the FLSA.

To prove this element, the plaintiffs must establish by a preponderance of the evidence that during part or all of the time period they were employed by the defendant, the defendant paid him less than was legally due in minimum wages.

31

The statutory minimum wage amounts required to be paid during the periods of time relevant to this case was $7.25 per hour in 2011 through 2013; $8.00 per hour in 2014; $8.75 per hour in 2015; $9.00 per hour in 2016; and $11.00 per hour in 2017.

Defendants wish to add:

The third element of the claim is that the defendant which employed each Plaintiff failed to pay each plaintiff the minimum wage required by the FLSA.

The parties have stipulated that Plaintiffs were paid below the minimum wage generally applicable to employees. However, Defendants nevertheless maintain that they properly paid each Plaintiff in accordance with the lower tip-credited minimum wage permitted for food service employees.

The tip-credit minimum wage amounts required to be paid during the periods of time relevant to this case was $5.65 per hour in 2011 through 2015; and $7.50 per hour in 2016 - 2017.

<u>Proposed Jury Instruction No. 22</u>

FAILURE TO KEEP ACCURATE TIME RECORDS

Employers are required by federal and New York law to maintain accurate records of employees' daily and weekly hours worked. Time records are accurate if they reflect the precise amount of time each employee worked each day and each week.  In addition, New York law requires an employer to maintain accurate records of an employee's arrival and departure times if that employee's workday spans more than 10 hours.

The Fair Labor Standards Act requires employers to make, keep and preserve records of their employees' wages, hours, and other conditions and practices of employment.. These records must include, for each employee (1) full name; (2) home address; (3) gender; (4) occupation; (5) time and day that the employee's workweek begins; (6) regular hourly pay rate for any week in which the employee worked overtime; (7) explanation for the basis of pay, e.g., per hour, per day, or otherwise; (8) the amount of any payment excluded when computing an employee's regular rate of pay for overtime purposes; (9) hours worked each workday; (10) total hours worked each workweek; (11) total regular (non-overtime) wages due for hours worked; (12) total overtime wages due; (13) any additions to or deductions from pay; (14) total wages paid to the employee each pay period; (15) the date of payment and pay period covered by that payment.[1]

Payroll records must be retained by the employer for a minimum of three (3) years under Federal requirements. These recordkeeping and retention requirements are

---

[1]  29 U.S.C. § 211(c); <u>29 C.F.R. § 516.5</u>; *Marquez v. Erenler*, 2014 WL 12769277 (S.D.N.Y. 2014 Woods, D.J.).

not mere technicalities, but substantive obligations that are the fundamental underpinnings of the FLSA and critical to ensuring the statute's effectiveness. (Defendants object to blue highlighted text)

Like the FLSA, the New York Labor Law imposes recordkeeping obligations on employers. Employers must maintain employment records and contemporaneous, true, and accurate payroll records with information substantially similar to that required by the FLSA, but must keep those records for longer—at least six (6) years.[2]

In addition, the New York Labor Law requires that employers provide a written notice to employees, when they are hired, in both English and the employee's primary language, containing the following information: (1) rate of pay; (2) basis for rate of pay; (3) allowances or credits claimed, for example, a tip credit; (4) regular pay day; (5) name of employer, including any "doing business as" names used; (6) employer's physical and mailing address; (7) employer's phone number. Employers must obtain each employee's signature upon providing them with this notice, and must retain that signed receipt for at least six (6) years.

In addition to the notice provided at the time of hiring, employers must provide to employees with every payment of wages, a notice containing the following information: (1) dates covered by the wages; (2) employee's name; (3) employer's name; (4) employer's address and phone number; (5) rate of pay; (6) basis for rate of pay; (7) amount of gross wages; (8) allowances or credits claims, for example, tip credit; (9) amount of net wages; (10) overtime rate of pay; (11) number of regular hours worked; (12) number of overtime hours worked.[3]

---

[2] NY Lab. Law §§ 195, 661; 12 N.Y.C.R.R. § 142-2.6(a).
[3] NY Lab. Law §§ 195-1(a); 195-3

An employer cannot shift this obligation to its employees. In other words, an employer that does not have records of the total hours an employee works every day and week and, under New York law, of an employee's arrival and departure times if his or her workday spans more than 10 hours, has failed its obligation.

"An employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him." A period of 10 minutes, or more, is not considered insubstantial or insignificant and must be recorded.

Defendants wish to delete Blue text above.

Proposed Jury Instruction No. 23

OVERTIME CLAIMS

Under the Fair Labor Standards Act, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, that plaintiff was an employee of the defendant;

Second, that plaintiff was employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that the defendant failed to pay the plaintiff overtime as required by law.

The first two elements are the same as for Plaintiffs' minimum wage claim under the FLSA.

The third element of the claim is that the defendant failed to pay plaintiffs the overtime payments required under the FLSA. To prove this element, the plaintiff must establish by a preponderance of the evidence that during part or all of the time period he was employed by the defendant, the defendant did not pay the overtime amount that is required by law.

Defendants wish to add:

In this respect, Plaintiffs will need to further prove: (1) the amount of uncompensated work they each performed; and (2) that a Defendant had actual or constructive knowledge of such work but did not compensate them for the work.[4]

---

4 Daniels v. 1710 Realty LLC, 497 F. App'x 137, 139 (2d Cir. 2012); Bennett v. Progressive Corp., 225 F. Supp. 2d 190, 215 (N.D.N.Y. 2002) (same analysis under NYLL).

The parties agree:

Under the law, an employer is required to pay for any time that a plaintiff worked in excess of forty hours per week. The amount of overtime pay that is due under the FLSA is one-and-one-half times the employee's regular hourly wage. If you determine that an employee was paid by a weekly salary, an employee's regular wage for a given week is that employee's total weekly compensation divided by the number of hours for which that compensation was intended. If you find that the plaintiff was unlawfully paid less than the minimum wage, then overtime should be calculated based on the legal minimum wage that the plaintiff was entitled to have been paid for the time period in question and not what the plaintiff was actually paid.[5]

Under the FLSA, there is a rebuttable presumption that a flat salary is intended to cover 40 hours of work per week.  Defendants cannot rebut the presumption by showing that there was an agreement between a Plaintiff and Defendant that the Plaintiff would receive pay that was below minimum wage.  For example, if the preponderance of the evidence proved that a Plaintiff agreed with a Defendant to be paid $250 per week for 60 hours per week, this would not rebut the presumption that the salary was intended to cover 40 hours, since such an agreement would have paid the Plaintiff below the minimum wage rate.  Therefore, if you find that Plaintiffs were paid flat weekly salaries by Defendants, and that Defendants have not rebutted the presumption that the salary was intended to cover 40 hours of work per week, Plaintiffs' regular rate should be determined by dividing the weekly salary rate by 40 hours, and not the actual number of

---

[5] Adapted from Modern Federal Jury Instructions, Instruction 85-9.

hours worked per week.  The overtime rate the Plaintiff should have received should then be determined by multiplying the regular rate by 1.5.[6]

---

[6] *Guallpa v. NY Pro Signs Inc.*, Index No. 11-cv-3133(LGS), 2014

Defendants prefer:

Under the FLSA, a flat salary is intended to cover the actual number of hours for which that compensation was intended. However, an employer cannot have an agreement with an employee that the employee would receive pay that was below minimum wage. For example, if the preponderance of the evidence proved that a Plaintiff agreed with a Defendant to be paid $250 per week for 60 hours per week, such an agreement would have paid the Plaintiff below the minimum wage rate.  Therefore, if you find that Plaintiffs were paid flat weekly salaries by Defendants, which brought Plaintiffs' pay below minimum wage,, Plaintiffs' regular rate should be determined by dividing the weekly salary rate by 40 hours, and not the actual number of hours worked per week. The overtime rate the Plaintiff should have received should then be determined by multiplying the regular rate by 1.5.[6]

If you determine by a preponderance of the credible evidence that Defendants were allowed to pay Plaintiffs at the tip-credit minimum wage rate, the Defendants are also entitled to apply a tip-credit to the overtime rate.  When an employer takes a tip credit toward the minimum hourly rate, the overtime rate shall be the employee's regular rate of pay before subtracting any tip credit, multiplied by 1.5, minus the tip credit. It is a violation of the overtime requirement for an employer to subtract the tip credit first and then multiply the reduced rate by 1.5.[6]

U.S. Dist. LEXIS 77033, *9-*10 (S.D.N.Y. May 27, 2014); *Moon v. Kwon*, 248 F.Supp.2d 201, 207-08 (S.D.N.Y. 2002); *Giles v. City of New York*, 41 F.Supp.2d 308, 317 (S.D.N.Y. 1999); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372, 385 (E.D.N.Y. 2012).

<u>Proposed Jury Instruction No. 24</u>

Defendants do not wish to instruct on this:

NEW YORK LABOR LAW – OVERTIME CLAIMS

Under the New York Labor Law, the Plaintiff have the burden of proving:

First, that he was employed by Defendants; and

Second, that the defendant failed to pay the plaintiff overtime as required by law.

To prove that he was not paid the proper overtime wages, the plaintiff must establish by a preponderance of the evidence that during part or all of the time period he was employed by the defendant, the defendant did not pay the overtime amount that is required by law.

Under the law, an employer is required to pay for any time that a plaintiff worked in excess of forty hours per week. The amount of overtime pay that is due under the New York Labor Law is one-and-one-half times the employee's regular wage.[1] An employee's regular wage for a given week is that employee's total weekly compensation divided by the number of hours for which that compensation was intended. If you find that the plaintiff was unlawfully paid less than the minimum wage, then overtime should be calculated based on the legal minimum wage that the plaintiff was entitled to have been paid for the time period in question and not what the plaintiff was actually paid.

Plaintiffs claim that they were paid flat weekly salaries, and were not paid at an hourly rate.  Under New York law, if an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the

---

[1] 12 N.Y.C.R.R. §146-1.4

40

employee's total weekly earnings by the lesser of 40 hours or the actual number of hours worked by that employee during the work week.[2]   The overtime rate that the Plaintiff should have been paid is then calculated by multiplying the regular rate by 1.5

Defendants contend that Plaintiffs were tipped employees who were properly paid at a tip-credit rate below the basic minimum wage rate. If you determine by a preponderance of the credible evidence that Defendants were allowed to pay Plaintiffs at the tip-credit minimum wage rate, the Defendants are also entitled to apply a tip-credit to the overtime rate.  When an employer takes a tip credit toward the minimum hourly rate, the overtime rate shall be the employee's regular rate of pay before subtracting any tip credit, multiplied by 1.5, minus the tip credit.   It is a violation of the overtime requirement for an employer to subtract the tip credit first and then multiply the reduced rate by 1.5.[3]

---

[2] 12 N.Y.C.R.R. §146-3.5
[3] 12 N.Y.C.R.R. §146-1.4

41

<u>Proposed Jury Instruction No. 25</u>

NEW YORK LABOR LAW – SPREAD OF HOURS

To prevail on a claim for spread of hours under the New York Labor Law, a plaintiff must prove that the interval between the beginning and end of his workday was more than ten hours, and that he was not paid an additional hour of pay at the basic minimum hourly rate — that is, $7.25 per hour before December 31, 2013; $8.00 per hour from December 31, 2013 until December 30, 2014; $8.75 per hour from December 31, 2014 until December 30, 2015; $9.00 per hour from December 31, 2015 until December 31, 2016; and $11.00 per hour from December 31, 2016 through December 31, 2017.

The spread of hours for any day includes working time plus time off for meal plus intervals off duty.  For example, if an employee began work at 9:00 a.m., took a one-hour lunch break from 12:00 noon to 1:00 p.m., then finished work at 8:00 p.m., the employee's spread of hours would be 11 hours.

If you find by a preponderance of the credible evidence that a plaintiff worked days when his spread of hours was greater than ten, and he was not paid an additional hour's wage at the basic minimum wage rate, you must find that the plaintiff was not paid the required spread of hours pay.  You will be asked to find the number of days per week, that the plaintiff was not paid spread of hours pay.

42

Proposed Jury Instruction No. 26

DETERMINING THE HOURS PLAINTIFFS WORKED

Plaintiff must be paid for all time spent working for an employer. Plaintiffs allege that Defendants failed to maintain adequate records of all the hours that Plaintiff worked, and wages that Plaintiffs were paid. Defendants allege that they maintained a system in which to accurately record Plaintiffs' hours of work, which Plaintiffs repeatedly and persistently failed to use. (Plaintiffs object) An employee is considered to be "working" for purposes of this claim whenever he exerts himself, physically or mentally, for a task controlled or required by the employer and performs that task primarily for the benefit of that employer, even if those hours go beyond the employee's scheduled shift.

In this regard, waiting for assignment, or being "on call" waiting for something to happen, is also "work," as I just defined it, as long as that waiting is a task controlled or required by the employer and the employee is performing that task primarily for the benefit of that employer.

Plaintiff alleges that Defendants failed to maintain adequate records of all the hours that Plaintiff worked, and wages that Plaintiff was paid. Federal and New York state laws require that employers keep accurate records of the hours employees worked each workday and the total hours worked each week–including the employees' times of arrival and departure, and the wages that employees are paid, including the rate at which employees are paid.[1] If Defendants failed to maintain such records, then Plaintiff may prove the number of hours he worked and wages he was paid each week "as a matter of just and reasonable inference," and may meet this burden by relying on his recollection,

---

[1] 29 U.S.C. §211(c); 29 C.F.R. §516.2(a)(7); N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.6(a)(4).

and you may determine the number of hours Plaintiff worked and wages that Plaintiff was paid based on Plaintiff's recollection and your reasonable inferences drawn therefrom. In this respect, Plaintiff's recollection must be more than mere speculation, but need not be precise, and may consist solely of an approximation of the hours that he worked.[2]

Defendants wish to add:  The damages to which a Plaintiff claims to be entitled to must be established with "reasonable certainty" and "based only on admissible evidence." [3]  (Plaintiff submits that the court should calculate damages based upon the jury's findings of fact as to hours, pay)


Plaintiffs wish to add (defendants object):

If Plaintiff proves the number of hours he worked and wages he was paid as a matter of just and reasonable inference, the burden of proof shifts to Defendants, and Defendants must produce evidence of the precise number of hours worked by plaintiff or other evidence to negate the reasonableness of Plaintiff's evidence as to hours worked and wages paid.[4]  If Defendants fail to meet this burden, you may find in favor of the Plaintiff even if the number of hours worked and wages paid is only approximate.[5]

In addition to determining the hours Plaintiff worked, and the wages he was paid, you will also be asked to determine whether the Plaintiff was paid an hourly rate of pay or a weekly or daily rate of pay.  If you determine that Plaintiff was paid at a weekly rate

---

[2] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946); *Yang v. ACBL Corp.*, 427 F.Supp.2d 327, 335-336 (S.D.N.Y. 2005).

[3] *Norcia v. Die ber's Castle Tavern*, Ltd., 980 F. Supp. 2d 492, 500 (S.D.N.Y. 2013).
[4] *Id.*; *Ke v. Saigon Grill, Inc.*, 595 F.Supp.2d 240, 254-55 (S.D.N.Y. 2008); N.Y. Lab. L. §196-a.
[5] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946)

of pay, under the Fair Labor Standards Act there is a rebuttable presumption that the weekly salary is intended to cover 40 hours.  An employer can rebut that presumption by showing an agreement between the employer and employee that the salary covers a different number of hours.[6]  You will be asked to determine whether the Defendants have rebutted the presumption that the weekly salary was intended to cover 40 hours.

---

[6] *Moon v. Kwon*, 248 F.Supp.2d 201, 207 (S.D.N.Y. 2002).

Defendants wish to delete this in its entirety:

<u>Proposed Jury Instruction No. 27</u>

CONSEQUENCES OF INACCURATE TIME RECORDS

Because Defendants do not have records of the action hours Plaintiffs worked, Plaintiffs may prove the hours they worked by presenting evidence that raises a "just and reasonable inference" of the amount and extent of their work.

Plaintiffs' recollections of the hours they worked can be sufficient proof. Plaintiffs are not required to prove the exact number of hours they worked.

Once the Plaintiffs have presented testimony from which you reasonably infer the amount and extent of their work, the burden shifts to Defendants to rebut the Plaintiffs' evidence by proving the precise amount of work that Plaintiffs performed or negating the reasonableness of the Plaintiffs' evidence.[1] Defendants can rebut Plaintiffs' evidence through credible testimony regarding the number of hours required to complete Plaintiffs' work day.

If Defendants cannot satisfy this burden, you must accept Plaintiffs' evidence concerning the hours they worked, even though the result would likely be only approximate.[2]

---

[1]    *Herman v. Hector I. Nieves Transport, Inc.*, 91 F. Supp. 2d 435, 446-47 (D.P.R. 2000) ("To rebut Plaintiff's evidence, Defendants must produce a precise accounting of hours worked by their employees.").

[2]    *Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335, 338 n.17 (S.D.N.Y. 2005) ("Although this figure is inexact and possibly overinclusive, the Second Circuit has instructed that when choosing between an overinclusive estimate by an employee and an underinclusive one by an employer, it is not unreasonable for a district court to adopt the employee's estimate, for consistent with the lesson of Mt. Clemens . . . [this] place[s] the burden of

inadequate record keeping on the employer.") (internal quotations and citations omitted); N.Y. Lab. L. § 196-a.

Proposed Jury Instruction No. 28

NEW YORK LABOR LAW — VIOLATION OF WAGE STATEMENT PROVISION

Plaintiffs allege that Defendants violated a provision of the New York labor law that requires employers to provide employees with a wage statement, or pay stub, together with each payment of wages.

The wage statement must list the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

If you find by a preponderance of the evidence that a defendant did not provide this wage statement to a plaintiff, you should state the number of weeks that the defendant failed to provide this notice to the plaintiff.[1] If you find that the Defendants did provide a wage statement to the plaintiffs then you should find for the defendant.

Defendants with to add:

In the instant matter, the parties have stipulated that the Plaintiffs were not provided with wage statements as required by the NYLL. However, it is a defense for an employer to show that they made complete and timely payment of all wages due to each Plaintiff. It is also another, separate defense to show that the employer reasonably

---

[1] N.Y. Labor Law §195 (3); *see also* 12 N.Y.C.R.R. §146-2.3

48

believed in good faith that it was not required to provide the employee with wage statements.

If you find by a preponderance of the evidence that *either* the employer made complete and timely payment of all wages due to each Plaintiff *or* had a good faith justification for failing to provide wage statements, you must find for the Defendants. However, if you determined that a Defendant failed on both of these defenses, you should find for the Plaintiffs and you will then need to determine the number of weeks that these violations occurred.

49

*It is not certain whether the court will instruct the jury regarding the tip credit. The defendants do not want a separate section on tip credit and want to include it in the main section on minimum wage. The plaintiffs believe the failure to keep time records, issue paystubs, and pay hourly prevents the employer from claiming a trip credit. But, if the court is going to allow this issue to go to the jury, it requires a separate instruction.*

<u>Proposed Jury Instruction No. 29</u>

**The Fair Labor Standards Act – Tip Credit**

I will now explain the law you must apply in deciding Plaintiffs' tip-related claims. In general, federal law requires employers to pay employees a minimum wage for the first 40 hours worked in a week, and overtime wages of one and a half times the employee's regular rate for all hours worked in excess of 40 per week. Under certain circumstances, an employer may take what is called a "tip credit" and pay a tipped employee an hourly wage lower than the federal minimum wage.

An employer may not take a tip credit under the FLSA unless the employer has informed the employee of the tip credit provision. This requirement is strictly construed and must be satisfied even if the employee received tips at least equal to the minimum wage.[1]

The employer bears the burden of showing that it satisfied the FLSA's notice requirement by, for example, providing the employee with a copy of section 203(m) of the FLSA and informing the employee that his tips will be used as a credit against the minimum wage as permitted by law.

---

[1] *Salinas v. Starjem Rest. Corp.*, 123 F.Supp.3d 442, 456-466 (S.D.N.Y. 2015)

If the employer cannot show that it has informed the employee that tips are being credited against his wages, then no tip credit can be taken and the employer is liable for the full minimum wage.

Proposed Jury Instruction No. 30

FAIR LABOR STANDARDS ACT TIP CREDIT – REQUIRED DISCLOSURES

The parties do not dispute that plaintiffs were tipped employees. The dispute lies in whether defendants complied with certain requirements that would allow them to apply a tip credit to plaintiffs' wages.

Defendants object:

In order to claim a tip credit under federal law, an employer must inform its employees of the requirements of Section 3(m) of the FLSA. Defendant must prove that they informed the Plaintiffs:

(1)     of the dollar amount of the minimum wage required by law;

(2)     that they would pay Plaintiffs at a rate below the minimum wage because they intended to claim a tip credit;

(3)     of the dollar amount of tip credit Defendant intended to claim;

(4)     that Plaintiffs' wages plus tips must equal at least the minimum wage or the Defendant would make up the difference.

Defendants must show that they accurately informed each Plaintiff of each of these provisions.

51

Defendants prefer:

an employer must (1) have informed its employees that they are taking a tip credit against their wages; *and* (2) the employees retained all of their tips or participated in a lawful tip pooling or sharing arrangement.[2] However, if you find that Plaintiffs had actual notice of the tip credit (in other words they understood that they were paid below minimum wage because they received tips which brought their overall wage above minimum wage), the fact that Defendants may have not complied with the requirements of written notice of the tip credit would not prevent them from claiming the tip credit.[3]

> Ariadne Alexandrou 1/18/2019 1:52 PM
> **Comment [2]:** Irrelevant because this allegation was never made.

In addition, an employer is entitled to take the tip credit for time spent in duties related to the tipped occupation even though such duties are not by themselves directed towards producing tips (i.e. maintenance and preparatory or closing activities). This includes cleaning, setting tables, washing dishes and similar duties.4

---

[2]    *Ayres v. 127 Restaurant Corp.*, 12 F. Supp. 2d 305, 308 (S.D.N.Y. 1998) (Chin, J.)("The FLSA, … permits employers to take a tip credit against the wages of a 'tipped employees' by paying them a slightly lower hourly wage,  provided that 'such employee has been informed by the employer of the provisions of [the law] and . . . all tips received by such employee have been retained by the employee.'") (quoting 29 U.S.C. § 203(m)).

3 *Carvente-Avila v. Chaya Mushkah Rest. Corp.*, 12-CV-5359 (KBF), 2016 WL 3221141, at *1 [SDNY Mar. 1,2016]
       4 29 C.F.R. § 531.56(e); *Hart v. Crab Addison, Inc.,* 2014 WL 175231 (W.D.N.Y. 2014).

53

Proposed Jury Instruction No. 31

NEW YORK LABOR LAW TIP CREDIT – REQUIRED DISCLOSURES

Like the federal law, New York law allows an employer to apply a tip credit to its employees' wages when certain preconditions are met.

The regulations implementing the New York Labor Law impose notice requirements with respect to the tip credit. Under the regulations, an employer may not ordinarily take a tip credit unless the employer has given the employee written notice stating (1) the amount of the tip credit to be taken from the basic minimum hourly rate; and (2) that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate. The employer must ordinarily provide the notice in English and any other language spoken by the employee as his primary language.

An employer may take a credit towards an employee's minimum hourly rate only if the employee has received a written notice notifying them of the tip credit.[1]  These written notifications must be furnished either (1) at the start of an individual's employment, or (2) where an individual is already employed, prior to any change in the employee's hourly rates of pay.[2]

Defendants object:

If you find that Defendants did not furnish Plaintiffs with wage notices indicating that they were applying a tip credit, you must find that Defendants were not entitled to pay Plaintiffs pursuant to the New York state tip credit.

---

[1] N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3.
[2] N.Y. Comp. Codes R. & Regs., tit. 12, §§ 146-2.2.

54

In addition, under New York law, a weekly statement must be issued to show that the tip income is being claimed as part of the minimum wage.

*[There is no dispute that this weekly wage statement was not provided. Plaintiffs allege that a jury instruction on the tip credit may not be required, because the employer would not be entitled to a tip credit as a matter of law. See, Marquez v. Erenler, 2014 WL 12769277, \*12 (S.D.N.Y. 2014) (in addition to general notice and recordkeeping requirements, in order to take the tip credit employers must provide substantial evidence such as a statement signed by the employee, what each tipped employee actually received tips in the amount claimed by the employer as a tip credit... employers must also keep a weekly record of the amount of any tip credit they claim).]*

The defendant is entitled to the tip credit only if it proves by a preponderance of the evidence these four elements: (1) the total of tips and wages equaled or exceeded the reigning minimum wage (2) the employer provided the employee written notice of the employee's hourly rate, overtime rate, and tip credit, in both English and any other language spoken by the employee as his primary language (in this case, Spanish)[3]; (3) Plaintiffs did not spent 2 hours per day, or 20 percent of their shifts, whichever is less, performing work for which tips are not customarily received[4]; and (4) Plaintiffs were not required to share portions of their tips with non-service staff or their employers.[5]

In deciding this issue, you may only rely on actual written records of the tip credits Defendants applied and cannot merely rely on verbal testimony.  Accordingly, if you find that Defendants have not introduced any documents into the record relating to

---

3 12 N.Y.C.R.R. §146-2.2
4 12 N.Y.C.R.R. §146-3.3; *see also* 12 N.Y.C.R.R. §146-2.9.
5 N.Y. Lab. Law. §196-d; *see also Copantilla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 290 (S.D.N.Y. 2011); *Hai Ming Lu v. Jing Fong Restaurant, Inc.*, 503 F. Supp. 2d 706, 711 (S.D.N.Y. 2007)

the tip credit they applied you must necessarily find that they were not entitled to take advantage of the tip credit.

Defendants prefer:

However, if you find that Plaintiffs had actual notice of the tip credit (in other words they understood that they were paid below minimum wage because they received tips which brought their overall wage above minimum wage), the fact that Defendants may have not complied with the requirements of written notice of the tip credit would not prevent them from claiming the tip credit[1]

> **Ariadne Alexandrou** 1/18/2019 1:54 PM
> **Comment [3]:** Irrelevant because this allegation was never made.

1.    Just like the FLSA, an employer is entitled to take the tip credit for time spent in duties related to the tipped occupation even though such duties are not by themselves directed towards producing tips (i.e. maintenance and preparatory or closing activities). However, if a tipped employee performs non-tipped duties, known as "side work," for more than 20% or two hours, whichever is greater, or any shift, the employer is not entitled to take the tip credit against the minimum wage for that shift.

---

1 *Carvente-Avila v. Chaya Mushkah Rest. Corp.*, 12-CV-5359 (KBF), 2016 WL 3221141, at *1 [SDNY Mar. 1,2016]

Defendants wish to add:

Proposed Jury Instruction – Liquidated Damages

(Liquidated Damages Under FLSA or NYLL)

Under the FLSA and New York Labor Law, in addition to damages for actual back wages, you must award an additional equal amount of the actual damages as liquidated damages unless Defendants can prove that they acted in good faith and had reasonable grounds for believing that their conduct was not in violation of the law. If you find that Defendants acted with good faith and reasonably believed that they complied with the law, you must not award liquidated damages.2

Plaintiffs argue liquidated damages are compensatory and automatic and this instruction is unnecessary nor does the jury need to be instructed about liquidated damages, which can be assessed by the court.

---

2 29 U.S.C. §§216(b), 220; 29 C.F.R. §§ 790.15, 790.22(c).

58

59

Proposed Jury Instruction No. 32

INDIVIDUAL LIABILITY

Plaintiffs have brought this action against two corporations and one individual, Virachart Pokpoonpipat.  Plaintiffs contend that the individual is liable as an employer of Plaintiffs.  In particular, Plaintiffs allege that the individual defendant is liable as an employer at JAIYA U.S.A. INC., and JAI-YA NEW YORK, INC.. The parties dispute whether or not Defendant Virachart Pokpoonpipat was Plaintiffs' employer.  If Virachart Pokpoonpipat is deemed to be Plaintiffs' employer he may be found liable for violations, if any, of federal and/or state law.

If you find that any corporate defendant is liable to any of the Plaintiffs for any violation, you next determine whether the individual defendant was an employer of any of the Plaintiffs. If you find that none of the corporate defendants are liable, then you need not address the issues of individual liability.

Under the FLSA and NYLL, the determination of whether an employer-employee relationship exists is based on an "economic reality" test, taking into account the totality of the circumstances.  The economic reality test applies to determining whether managers or owners are employers under the FLSA and NYLL.

Court have identified four factors for determining the economic reality of an employment relationship: whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

You may also consider additional factors to assess whether the individuals are employers under the law.  One of these additional factors is whether the individual possessed "operational control," meaning whether the individual possessed control over the company's actual operations

60

in a manner relating to the plaintiff's employment.  A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment.

The determination of whether an individual is an employer is independent from the question of whether the individual was an owner of the entity. It is not necessary for an individual to be an owner of the business or share in its profits in order to be an employer under the FLSA and NYLL.  Nor is ownership of the business sufficient to qualify an individual as an employer.

If you find that the corporate defendants are liable to any of the Plaintiffs for any violation, you next determine whether each of the individual defendants was an employer of any of the Plaintiffs. If you find that the corporate defendants are not liable, then you need not address the issues of individual liability.

61

Proposed Jury Instruction No. 33

JURY DELIBERATIONS

You will now return to decide the case. In order to prevail, the plaintiff must sustain his burden of proof as I have explained to you with respect to each element of the complaint. If you find that the plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that the plaintiff failed to sustain his burden on any element of the claim, you should return a verdict against the plaintiff and for the defendants.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

I have prepared a verdict form for you to use in recording your decision. On the form, there are spaces to indicate your verdict on each of the questions concerning the important issues in this case. Except where otherwise indicated, these questions are to be answered yes or no.

Your answers must reflect the conscientious judgment of each juror.  You should answer every question, except where the verdict form indicates otherwise.[1]

<u>Proposed Jury Instruction No. 34</u>

**Verdict Form**

[The Court's standard instruction on this subject.]

---

[1]        Modern Federal Jury Instructions, Instruction No. 78-3